**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLORIA MITCHELL, individually and on behalf of all others similarly situated, Plaintiff-Appellant, v. WINCO FOODS, LLC, a Delaware limited liability company, Defendant-Appellee. | No. 17-35998 D.C. No. 1:16-cv-00076-BLW MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted November 5, 2018
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,** District Judge.

Appellant Gloria Mitchell claims that her former employer, WinCo Foods, LLC ("WinCo"), violated the Fair Credit Reporting Act ("FCRA"). The district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

court dismissed her First Amended Complaint, filed as a class action, for lack of standing. To establish standing, Mitchell must show how "the specific procedural violations alleged in this case actually harm, or present a material risk of harm to" protected interests. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Mitchell's pleadings claim only that WinCo's job application forms failed to comply with the FCRA, but do not explain how those alleged violations harmed, or presented a material risk of harm to, the interests safeguarded by the statute. To the extent Mitchell argues that she was confused by the FCRA waiver and authorization, *see Syed v. M-I, LLC*, 853 F.3d 492, 499–500 (9th Cir. 2017), Mitchell's pleadings do not allege facts sufficient to support an inference of confusion. The district court therefore correctly concluded that her pleadings failed to establish standing.

    The district court erred, however, in failing to grant leave to amend. Although Mitchell did not move for leave to amend, such leave should be granted "even if no request to amend the pleading was made, unless [the district court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Mitchell argues on appeal that she should be granted leave to assert additional facts to establish her claim of concrete injury. We agree. The denial of Mitchell's motion for reconsideration is

3

therefore vacated, and the case is remanded for the district court to grant leave to amend.

Finally, Mitchell has moved the Court to take judicial notice of documents outside the district court record. That motion is denied. *See* Fed. R. App. P. 10(a).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**